UNITED STATES DISTRICT COURT    JS-6
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.    **CV 12-47-JFW (AJWx)**    Date: April 27, 2012

Title:    Wells Fargo Bank, N.A. *-v-* Cynthia M. Seput

**PRESENT:**
HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**    **ATTORNEYS PRESENT FOR DEFENDANTS:**
None    None

**PROCEEDINGS (IN CHAMBERS):**    **ORDER DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION**

On January 4, 2012, Plaintiff Wells Fargo Bank, N.A. ("Plaintiff") filed a Complaint in this Court against Defendant Cynthia M. Seput ("Defendant"), alleging that the Court had subject matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1332.

Plaintiff has not adequately alleged the facts essential for the subject matter jurisdiction of this Court. *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 499 (9th Cir. 2001) (quoting *Smith v. McCullough*, 270 U.S. 456, 459 (1926)) ("'A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction . . . .'"). Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000. *See* 28 U.S.C. § 1332.

In its Complaint, Plaintiff alleges that it is a resident of South Dakota and that Defendant is a resident of California. However, "the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). To be a citizen of a state, a natural person must be a citizen of the United States and be domiciled in a particular state. *Id.* Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. *Id.* "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id.* Therefore, Plaintiff's allegations are insufficient to establish its or Defendant's citizenship.

In addition, Plaintiff alleges Defendant's residency on information and belief. However, jurisdictional allegations based on information and belief are insufficient to confer jurisdiction. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual

citizenship of the relevant parties."); *America's Best Inns, Inc.*, 980 F.2d at 1074 (holding that allegations based on "to the best of my knowledge and belief" are insufficient); *see, also, Bradford v. Mitchell Bros. Truck Lines*, 217 F.Supp. 525, 527 (N.D. Cal. 1963). As the Supreme Court long ago held, "a plaintiff, suing in federal court, must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction." *Smith*, 270 U.S. at 459 (1926); *accord, Rilling v. Burlington Northern Railroad Co.*, 909 F.2d 399, 400 (9th Cir. 1990).

Federal Rule of Civil Procedure 12(h)(3) specifically states that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Pursuant to Rule 12(h)(3), "a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action, even on appeal." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002); *see also Emerich v. Touche Ross & Co.*, 846 F.2d 1190, 1194 n. 2 (9th Cir. 1988) (noting that "[i]t is elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or *sua sponte* by the trial or reviewing court").

Accordingly, the Court hereby **DISMISSES** this action for lack of subject matter jurisdiction.

IT IS SO ORDERED.